# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| GENE BOSTWICK, JR. | * | No. 19-1845V |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Christian J. Moran |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Filed: May 24, 2024 |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * | | |

Edward Kraus, Kraus Law Group, LLC, Chicago, IL, for Petitioner;
Catherine Elizabeth Stolar, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Gene Bostwick, Jr.'s motion for final attorneys' fees and costs. He is awarded $54,438.86.

\*   \*   \*

On December 5, 2019, petitioner filed for compensation under the National

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza ("flu") vaccination he received on October 3, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to develop a Shoulder Injury Related to Vaccine Administration "SIRVA"). On January 5, 2023, the parties filed a joint stipulation in which the undersigned adopted as his decision on February 15, 2023. 2023 WL 2707650.

On July 13, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $52,288.70 and attorneys' costs of $2,150.16 for a total request of $54,438.86. Fees App. at 2-3. Petitioner warrants that he has not incurred any additional fees or costs related to the litigation of this case. Fees. App. at 3. On July 20, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he requests "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*   \*   \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Ed Kraus, $409.00 per hour for work performed in 2018, $418.00 per hour for work performed in 2019, $435.00 per hour for work performed in 2020, $458.00 per hour for work performed in 2021, $472.00 per hour for work performed in 2022, and $497.00 per hour for work performed in 2023; and for Ms. Amy Kraus, $334.00 per hour for work performed in 2019, $365.00 per hour for work performed in 2020, $384.00 per hour for work performed in 2021, and $436.00 per hour for work performed in 2023. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Bishara v. Sec'y of Health & Human Servs., No. 19-115V, 2024 WL 945728 (Fed. Cl. Spec. Mstr. Jan. 31, 2024); Prado v. Sec'y of Health & Human Servs., No. 21-1087V, 2022 WL 2277118, at *2 (Fed. Cl. Spec. Mstr. May 23, 2022).

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing

entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $52,288.70.

C. <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $2,105.29 in attorneys' costs. This amount is comprised of the acquiring medical records, postage, Court's filing fee, hotel costs for the remote hearing, and the transcript of the hearing. Fees App. Tab B at 1. The undersigned has reviewed petitioner's request for attorneys' costs and finds the amount to be reasonable. Petitioner has supported all requested costs with documentation, and the work done by petitioner's various experts appears to be reasonable in the undersigned's experience. Accordingly, the full amount of costs is awarded.

D. <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$54,438.86** (representing $52,288.70 in attorneys' fees and $2,150.16 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Edward Kraus.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.